IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK S. CAMPBELL, )
)
Plaintiff )
)
v. ) No. 05-4072-JPG
)
THE CITY OF JOHNSTON CITY, )
TONY L. KENDRICK, Johnston City )
Police Officer, in his individual and )
official capacity, and PAUL GREAR )
Johnston City Auxiliary Police Officer, )
in his individual and official capacity, )
)
Defendants )

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW Come the Defendants, Paul Grear and the City of Johnston City, by Bleyer and Bleyer, their attorneys, and for their Answer to Plaintiff's Complaint, say:

### JURISDICTION AND VENUE

1. The Defendants, Paul Grear and the City of Johnston City, admit that there does exist a certain statute as set forth in Paragraph 1 but deny that the Plaintiff is entitled to relief under said acts.

2. The Defendants, Paul Grear and the City of Johnston City, admit that venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. §1391(b) but deny that the Plaintiff is entitled to recovery against these Defendants.

### PARTIES

3. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 3.

4. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 4.

5. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 5.

6. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 6.

7. The Defendants, Paul Grear and the City of Johnston City, admit that on the date of the occurrence they were acting under color of law, but deny that there was an occurrence as set forth in Plaintiff's Complaint; further, the Defendants deny the remaining allegations of paragraph 7.

**COMMON ALLEGATIONS**

8. The Defendant, City of Johnston City, admits that Defendant, Kendrick was hired as a police officer but otherwise denies each and every allegation of Paragraph 8, Defendant, Paul Grear makes no response as there are no allegations against Paul Grear.

9. The Defendant, City of Johnston City, admits that Defendant, Kendrick was hired as a police officer but otherwise denies each and every allegation of Paragraph 9, Defendant, Paul Grear makes no response as there are no allegations against Paul Grear.

10. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 10.

11. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 11.

12. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 12.

13. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 13.

14.     The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 14.

15.     The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 15.

16.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 16.

17.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 17.

18.     The Defendant, Paul Grear admits that the Plaintiff requested medical attention but denies that medical care was needed and further denies the remaining allegation of Paragraph 18; the City of Johnston City, other than the admission of the co-defendants, lacks sufficient knowledge to either admit or deny the allegation of Paragraph 18.

19.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 19.

20.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 20.

21.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation set forth in Plaintiff's Complaints and therefore deny the allegations of Paragraph 21.

22.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 22.

23.     The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 23.

24.     The Defendants, Paul Grear and the City of Johnston City, deny each and every

allegation of Paragraph 24.

25. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 25.

## COUNT I

26. The Defendants, Paul Grear and the City of Johnston City, repeat and reallege their response to Paragraphs 1 thru 25 as and for their response to Paragraph 26 of Count I.

27. The Defendants, Paul Grear and the City of Johnston City, makes no response to Paragraph 27 in that there are no allegations against said Defendants.

28. The Defendants, Paul Grear and the City of Johnston City, admit the allegations of Paragraph 28.

29. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 29.

30. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 30.

31. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 31.

32. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 32.

33. The Defendants, Paul Grear and the City of Johnston City, deny each and every allegation of Paragraph 33.

## COUNT II

34. The Defendant, City of Johnston City, repeats and realleges its response to Paragraphs 1 thru 25 as and for its response to Paragraph 34 of Count II.

35. The Defendant, City of Johnston City, denies each and every allegation of Paragraph 35.

36. The Defendant, City of Johnston City, admits that Tony L. Kendrick was a police officer but otherwise denies each and every allegation of Paragraph 36..

37. The Defendant, City of Johnston City, denies each and every allegation of Paragraph 37.

## COUNT III

38. The Defendant, City of Johnston City, repeats and realleges its response to Paragraphs 1 thru 25 as and for its response to Paragraph 38 of Count III.

39. The Defendant, City of Johnston City, denies each and every allegation of Paragraph 39.

40. The Defendant, City of Johnston City, denies each and every allegation of Paragraph 40.

WHEREFORE, Defendant, City of Johnston City demand that Plaintiff take nothing by his Complaint and it have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANTS DEMAND TRIAL BY A JURY.**

> BLEYER and BLEYER
> S/Joseph A. Bleyer
> Attorney Registration No. 6193192
> Attorney for Defendants, Johnston City
> and Paul Grear.

## FIRST AFFIRMATIVE DEFENSE

NOW Come the Defendant, Paul Grear, by Bleyer and Bleyer, his attorneys and for his First Affirmative Defense to Plaintiff's Complaint, say:

1. That at all times herein the Defendant, Paul Grear, acting within the scope ofan

auxiliary officer for the City of Johnston City.

2. That the Defendant, Paul Grear is therefore qualified immune from suit.

WHEREFORE, Defendant, Paul Grear, demands that Plaintiff take nothing by his Complaint and the Defendants have judgment for their costs in this cause most wrongfully sustained.

**SECOND AFFIRMATIVE DEFENSE**

NOW Come the Defendants, Paul Grear and Johnston City, by Bleyer and Bleyer, their attorneys, and for their Second Affirmative Defense to Plaintiff's Complaint, say:

1. Plaintiff's Complaint fails to state a cause of action as a matter of law against each of these Defendants and the Plaintiff is not entitled to the recovery sought.

WHEREFORE, Defendants, Paul Grear and Johnston City, demand Plaintiff take nothing by his Complaint and the Defendants have judgment for their costs in this cause most wrongfully sustained.

**THIRD AFFIRMATIVE DEFENSE**

NOW Come the Defendant, Paul Grear, by Bleyer and Bleyer, his attorneys and for his Third Affirmative Defense to Plaintiff's Complaint, say:

1. That at all times herein the Defendant, Paul Grear, acting within the scope of as an Auxiliary Officer of the City of Johnston City is protected from the allegations of excess force pursuant to 720 ILCS 5/7-5.

WHEREFORE, Defendant, Paul Grear, demands that Plaintiff take nothing by his Complaint and this Defendant have judgment for his costs in this cause most wrongfully sustained.

**FOURTH AFFIRMATIVE DEFENSE**

NOW Come the Defendant, Paul Grear, by Bleyer and Bleyer, his attorneys and for his

6

Third Affirmative Defense to Plaintiff's Complaint, say:

1.  That at all times herein the Defendant, Paul Grear, acting within the scope of as an Auxiliary Officer of the City of Johnston City is protected from the allegations of punitive damages pursuant to 745 ILCS 10/2-102.

WHEREFORE, Defendant, Paul Grear, demands that Plaintiff take nothing by his Complaint and this Defendant have judgment for his costs in this cause most wrongfully sustained.

## FIFTH AFFIRMATIVE DEFENSE

NOW Come the Defendant, the City of Johnston City, by Bleyer and Bleyer, its attorneys and for its Fifth Affirmative Defense to Plaintiff's Complaint, say:

1.  That at all times herein the Defendant, City of Johnston City, is a local pubic entity and it is not liable to the Plaintiff if its employees are not liable, pursuant to 745 ILCS10/2-109.

WHEREFORE, Defendant, City of Johnston City, demands that Plaintiff take nothing by his Complaint and the Defendants have judgment for its costs in this cause most wrongfully sustained.

> BLEYER and BLEYER
> S/Joseph A. Bleyer
> Attorney Registration No. 6193192
> Attorneys for Defendants Johnston City
> and Paul Grear

# *CERTIFICATE OF SERVICE*

_____I hereby certify that on 1st day of June, 2005, I electronically filed an Answer to Plaintiff's Complaint on behalf of Paul Grear and the City of Johnston City, with the Clerk of the Court using CM/ECF System which will send notifications of such filing to the following:

MR. JONATHAN R. OLIVER
MR. MICHAEL W. MAURIZIO
MICHAEL W. MAURIZIO & ASSOCIATES
1903 W. MAIN STREET
POST OFFICE BOX 1849
MARION, IL 62959-1849

MR. JOHN C. RYAN
MS. KARA L. JONES
FEIRICH/MAGER/GREEN/RYAN
2001 WEST MAIN STREET
POST OFFICE BOX 1570
CARBONDALE, IL 62903-1570

I hereby certify that on the 1st day of June, 2005, I mailed by United States Postal Service, the documents to the following nonregistered participants:
      None

S/JOSEPH A. BLEYER

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:    (618)997-1331
Facsimile:    (618)997-6559
e-mail:    jableyer@bleyerlaw.com